1  ISMAIL J. RAMSEY (CABN 189820)
   United States Attorney
2
   MARTHA BOERSCH (CABN 126569)
3  Chief, Criminal Division

4  JOSIAH BOURNES (CABN 272316)
   Assistant United States Attorney
5
         450 Golden Gate Avenue, Box 36055
6        San Francisco, California 94102-3495
         Telephone: (415) 436-7181
7        FAX: (415) 436-7234
         Josiah.Bournes@usdoj.gov
8
   Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3-24-CR-00381-JSC-1 |
| Plaintiff, | [~~Proposed~~] DETENTION ORDER |
| v. | |
| DAURIN ESPINAL, | |
| Defendant. | |

On July 10, 2024, defendant Daurin Espinal was charged via federal grand jury with one count of Distribution and Possession with Intent to Distribute Fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Dkt. 1). On July 22, 2024, the defendant appeared for his initial appearance (Dkt. 8). The government filed a written motion for detention and made the same request at the initial appearance (Dkt. 6, 8). The defense requested to continue the formal detention hearing until July 25, 2024. On July 24, 2024, U.S. Pretrial Services filed a Pre-Trial Bail Report regarding Mr. Espinal (Dkt. 11).

On July 25, 2024, this Court conducted the detention hearing. The defendant was present and represented by his attorney, Daniel Blank. Assistant United States Attorney Josiah Bournes appeared for the government. The government maintained its motion for detention and argued that the defendant should remain detained pretrial because he represented a flight risk and a danger to the community that

could not be mitigated by any release condition or combination of release conditions. The Court ordered the defendant detained as a risk of flight (Dkt. 14).

The matter was later scheduled on the Court's calendar for an additional detention hearing on July 31, 2024. On July 30, 2024, U.S. Pretrial Services filed a Pretrial Bail Addendum (Dkt. 19). The Court reopened the detention hearing based on the information provided in the Addendum. The government was represented by Assistant United States Attorney Josiah Bournes and argued that the defendant should remain detained. Defendant's attorney, Daniel Blank, requested the defendant's release.

The present order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons as required by Title 18, United States Code, Section 3142(i)(1). As noted on the record, the Court makes the following finding as the basis for its conclusion: the defendant presents a serious flight risk that cannot be mitigated by any conditions of release. The Court's reasons in support of its finding are as follows:

Defendant is a Honduran citizen. He is 28 years old and has been in the United States and in this district for a little bit less than two and a half years, and before that he was in Honduras. His parents are in Honduras, as are two of his three siblings and his child. He is facing potentially significant penalties if he is convicted, which gives him an incentive to flee. The Addendum provided by Pretrial does identify some ties to the community. Specifically, the Addendum identifies a proposed surety and custodian who has known the defendant for a year or two and has been in a relationship with him for four months. (This is in addition to the proposed surety and custodian in the original bail report, the defendant's cousin.) Also, there is evidence that the defendant has been employed for a little bit more than two years and has a job available to him if he is released. Nonetheless, it remains true that the defendant's connections to this district and to the United States are recent and somewhat superficial. From the bail report it appears that prior to February 2022, the defendant had never been in the United States or in this district. The original proposed surety and custodian was a cousin who did not have a relationship with the defendant until a year ago. The new proposed surety and custodian did not know him until a year or two ago. Considering that the defendant seems to have left his own child behind in Honduras, how much moral suasion can we expect from these proposed sureties and custodians who

1 have only gotten to know him pretty recently?  The proposed employment also does not seem like a
2 source of moral suasion on the defendant not to flee.  The defendant has a strong incentive to flee, and
3 his recently developed and still somewhat thin ties to the community are not sturdy enough to keep him
4 here.  He is a serious risk of flight, and the Court does not see how any conditions of release would
5 mitigate that risk.

6 These findings are made without prejudice to the defendant's right to seek review of defendant's
7 detention or file a motion for reconsideration if circumstances warrant it.

8 Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

9 1. The defendant be, and hereby is, committed to the custody of the Attorney General for
10 confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving
11 sentences or being held in custody pending appeal;

12 2. The defendant be afforded reasonable opportunity for private consultation with counsel;
13 and

14 3. On order of a court of the United States or on request of an attorney for the government,
15 the person in charge of the corrections facility in which the defendant is confined shall deliver the
16 defendant to an authorized United States Marshal for the purpose of any appearance in connection with a
17 court proceeding.

18 IT IS SO ORDERED.

20 DATED:  July 31, 2024

Hon. THOMAS S. HIXSON
United States Magistrate Judge